RAFAEL CALDERÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 921. Submitted May 9, 1934.—Decided May 31, 1934.

*G. Concepción de la Gracia* and *L. Venegas Cortés* for appellant.
The registrar did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

Rafael Calderón filed, in the Municipal Court of San Juan, First Section, a complaint against Gabriel Concepción Ortiz and his wife, Ezequiela Dávila, to compel them to execute in favor of the plaintiff a deed of sale of a parcel of land which he described, located in Vega Alta, upon the payment of $400 by the plaintiff.

Calderón requested the Registrar of Property of San Juan, Second Section, to enter a notice of *lis pendens* with respect to said parcel, and the registrar refused to do so on the following grounds:

" . . . as the parcel does not appear recorded in favor of the defendants or of any other person, and because it is not shown that San Juan is the place where the obligation of executing a deed of sale of the parcel should be performed, which would give the municipal court of this city jurisdiction to take cognizance of the action brought, since the parcel of land in question is located in Vega Alta, within the municipal judicial district of Vega Baja, where the suit should have been filed (19 P.R.R. 964, and 22 P.R.R. 30, 597)."

He set forth also as curable defects the failure to state the personal circumstances of the plaintiff and the age, occupation, and residence of the defendants, as well as the name of the person from whom the parcel of land was required.

Calderón took the present appeal from that decision, seeking to have us reverse it and order the entry in question. The registrar has filed no brief in support of his refusal.

It is a question already decided by this court that the fact that the property which is the immediate object of the suit is not recorded in favor of the defendant is not an obstacle to the recording of a notice of *lis pendens* section 91 of the Code of Civil Procedure. *Zapata* v. *Registrar,* 40 P.R.R. 542; *Carreras* v. *Registrar,* 42 P.R.R. 874. Related to this question are our decisions in *Sobrinos de Villamil* v. *Registrar of San Juan,* 32 P.R.R. 502, and *Succrs. of Armstrong & Sons* v. *Registrar of San Juan,* 34 P.R.R. 258.

The second ground for the refusal of the registrar has also been decided by us in favor of the appellant, since in the case of *González* v. *Lebrón et al.,* 24 P.R.R. 374, 375, 376, wherein the object of the suit brought was to compel the defendants to execute a deed of sale for the price and under the conditions specified in the complaint, this court said: "'A suit for the specific performance of a contract for the conveyance of real estate is primarily *in personam,* and the case at bar is not an action 'for the recovery of real property, or of an estate or interest therein,' nor 'for the determination in any form of such right or interest,' nor 'for injuries to real property.'" Various citations are made therein.

. Although, as stated by the registrar, the suit should have been brought in the Municipal Court of Vega Baja, a property located in Vega Alta being involved, even so, the Municipal Court of San Juan would not lack jurisdiction in the matter if a change of venue were not demanded, as was decided in the case of *Carbonell* v. *Registrar of Property,* 17 P.R.R. 137. The cases cited by the registrar, which are those

of *Medina* v. *Registrar of Property*, 19 P.R.R. 964, and *Crehore* v. *Registrar of Property*, 22 P.R.R. 30, 597, are not applicable to the question we are now deciding, since they treat of the power of the registrar to pass upon documents issued by judicial authority that are presented to him, as far as the power goes, while in the instant case the document presented to him for the recording of the complaint was not issued by judicial authority, but the interested party made known to him the filing of his complaint through a copy thereof.

The curable defects noted by the registrar in his refusal, respecting the failure to state in the document presented to him the personal circumstances of the plaintiff and of the defendants, as well as the failure to mention the person from whom the property was acquired, are not tenable in the instant case because, as there is involved not the registration of a title but the recording of a *lis pendens* notice authorized and governed by section 91 of the Code of Civil Procedure in actions affecting the title or right of possession of real property, it is sufficient that the notice presented to the registrar for the recording of the complaint or of the answer, if affirmative relief is claimed in the latter, state the given names and surnames of the parties, the object of the action or defense, and the description of the property in litigation, which are the requisites demanded by said section, and all of them were fulfilled in the instant case.

The decision appealed from must be reversed and the record of the plaintiff's complaint made without the curable defects noted by the registrar.